Clifford J. HENNEN, Plaintiff–Appellant,

v.

Michael J. ASTRUE,* Commissioner of Social Security, Defendant–Appellee.

No. 06–35153.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 15, 2007.**

Filed Nov. 09, 2007.

John E. Seidlitz, Jr., Esq., Seidlitz Law Office, Great Falls, MT, for Plaintiff–Appellant.

George F. Darragh, Jr., Esq., Office of the U.S. Attorney, Great Falls, MT, William T. Dawson, Esq., Social Security Administration General Counsel's Office, Re-

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**22**

gion VIII, Denver, CO, for Defendant–Appellee.

Before: CUDAHY \*\*\*, REINHARDT, and PAEZ, Circuit Judges.

### MEMORANDUM \*\*\*\*

Clifford J. Hennen ("Hennen") appeals the district court's judgment affirming an Administrative Law Judge's ("ALJ") decision denying his application for social security disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for a calculation of benefits.

We review de novo a district court's order upholding the denial of benefits, *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir.1998). We will set aside a denial of benefits only where the ALJ's decision is not supported by substantial evidence or is based on legal error. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir.2006).

Hennen argues that the ALJ erred by finding his testimony not credible, and in failing to give specific, clear, and convincing reasons for so finding.[1] *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir.1996) ("If the claimant produces evidence to meet the *Cotton* [*v. Bowen*, 799 F.2d 1403 (9th Cir.1986)] test and there is no evi-

dence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so."). We agree.

■ The ALJ based his adverse credibility finding on a series of "inconsistencies" in Hennen's testimony. The evidence does not support the reasons the ALJ gave for his conclusions. First, the ALJ maintained that Hennen's credibility was undermined by the fact that he visited his bar on a regular basis. The ALJ failed, however, to establish a relationship between Hennen's level of activity at the bar and Hennen's claimed disabilities. Indeed, the ALJ never found that, while at the bar, Hennen engaged in "work" as defined by the statute, and the vocational expert testified that given Hennen's description of his activities at the bar, Hennen could not sustain any employment.

Second, the ALJ maintained that Hennen's testimony was somehow inconsistent with the medical records; it was not. Hennen initially showed some medical improvement, but not in the area of fatigue, and not to the extent that he gained the ability to perform sedentary work. In arriving at his conclusions the ALJ inferred that Hennen continued to improve at the same rate after those early notations in the records were made. The medical records, however, do not support such an inference.[2]

---

\*\*\* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Hennen also argues that the ALJ inappropriately ignored a letter from his treating physician, and that the ALJ erred in relying on the Medical–Vocational grids found in 20 C.F.R. § 404 Sub. Pt. P Appendix 2. Neither

of these arguments has merit. The letter Hennen refers to was not in the record before the ALJ, and the ALJ did not rely on the Medical–Vocational grids.

2. The medical records do not contradict Hennen's testimony that his improvement plateaued and then worsened after his October 2003 fall, and other evidence in the record supports that testimony. *Cf. Smolen*, 80 F.3d at 1285 ("Given this substantial corroborating evidence, the fact that Smolen's few available

Last, the ALJ found Hennen's "daily activities" inconsistent with his symptom testimony. An ALJ can consider a claimant's daily activities in assessing credibility, but "[t]his line of reasoning clearly has its limits." *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir.1989). *See also Smolen,* 80 F.3d at 1284 n. 7 ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication."); *Gallant v. Heckler,* 753 F.2d 1450, 1453 (9th Cir.1984) (ordering benefits even though claimant was able to cook meals and wash dishes). Here, the ALJ found that Hennen participated in household activities such as cooking and laundry. But the ALJ misconstrued Hennen's testimony. The record clearly demonstrates that Hennen's "participation" in household chores amounted to nothing more than keeping his wife company and engaging in a limited number of minor activities. We have repeatedly stated that "[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations.... Only if the level of activity were inconsistent with Claimant's claimed limitations would these activities have any bearing on Claimant's credibility." *Reddick,* 157 F.3d at 722.

■ "When an 'ALJ's reasons for rejecting the claimant's testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the claimant is disabled if he had credited the claimant's testimony,' we remand for a calculation of benefits." *Orn v. Astrue,* 495 F.3d 625 (9th Cir.2007). The

medical records do not document prior consistent statements regarding her symptoms does not constitute a clear and convincing reason to reject her symptom testimony.").

vocational expert's testimony makes clear that when Hennen's testimony is appropriately credited, the only conclusion is that he does not have the residual functional capacity necessary to perform work at any level.

**REVERSED** and **REMANDED** for a calculation of benefits.